# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY THOMPSON and DEBORAH and DAVID SILLS,<br><br>Plaintiffs,<br><br>v.<br><br>ALTOONA HOUSING AUTHORITY and CHERYL JOHNS, its Executive Director,<br><br>Defendants. | Civil Action No.:<br><br>Verified Complaint |

## VERIFIED COMPLAINT

### I. PRELIMINARY STATEMENT

1. Plaintiffs seek to enjoin the policy or practice of the Altoona Housing Authority (AHA) of terminating federal housing benefits to program participants without providing an opportunity to object to the termination in a hearing before an objective decision maker with a decision based solely on the evidence presented at the hearing. This policy plainly violates the Federal legal and Constitutional requirements that apply to the termination of such benefits, as well as the agency's own Section 8 Program Administrative Plan.

2. Plaintiffs Ashley Thompson and Deborah and David Sills have been injured by this policy or practice and are threatened with irreparable harm because of it. In September and August, respectively, AHA proposed to terminate their participation in the Section 8 Housing Choice Voucher program. Each Plaintiff timely requested an informal hearing to dispute the basis alleged by AHA to support the proposed termination. AHA duly authorized a hearing officer to conduct the hearings. At each hearing, testimony and other evidence were presented by the parties. After each hearing, however, the hearing officer proceeded to conduct *ex parte* factual investigations, and, based upon the extra-record evidence alleged to be found, the hearing

1

officer in each case upheld the proposed termination. This was explained in each written decision. AHA nevertheless adhered to each decision and terminated the Plaintiffs' rental assistance. Plaintiffs had no opportunity to contest this *ex parte* consideration of extra-record evidence alleged against them. This unlawful termination of assistance has left the Plaintiffs unable to afford their rent or obtain alternative decent, suitable rental housing in the private market and provide for their other necessities. Plaintiff Ashley Thompson presently is threatened with lease termination and eviction, as the Section 8 contract covered the majority of her family's rent. This will render her and her young ones homeless. It is only a matter of time before the Sills Plaintiffs are similarly threatened.

3. Plaintiffs bring this action pursuant to the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution; the United States Housing Act of 1937, 42 U.S.C. §1437 *et seq.* and its implementing regulations, 24 CFR Part 982; and the Civil Rights Act of 1871, 42 U.S.C. §1983. In addition to other relief set forth herein, Plaintiffs seek an order declaring this policy to violate these provisions of federal law and enjoining further implementation of it.

## II.   JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.

5. Declaratory relief is authorized by 28 U.S.C. §2201 and F.R.C.P. Rule 57.

6. Injunctive relief is authorized by 28 U.S.C. §2202 and F.R.C.P. Rule 65.

7. Venue is proper in the Western District of Pennsylvania under 28 U.S.C. §1391(b)(1) and (2).

## III.   PARTIES

8. Plaintiff Ashley Thompson is a citizen of the United States and resident of Altoona, Pennsylvania. She is nineteen (19) years old, works part-time and is a single parent who resides

with and takes care of her two young children, ages one and 5 months. The Thompson family is an "extremely low income family" as defined by the U.S. Department of Housing and Urban Development. 24 CFR 982.4(a)(3); 24 CFR 5.603(b). They live on food stamps and a small income of approximately $600 per month from the part-time employment. The children are supposed to receive child support but do not. From May of 2010 until October 24, 2010, Ms. Thompson's family participated in the Housing Choice Voucher program under Section 8 of the U.S. Housing Act, 42 U.S.C. §1437f(o) (Section 8 program), administered by Defendants. Ms. Thompson's family remains eligible to participate in the program.

9. Plaintiffs Deborah and David Sills are citizens of the United States and residents of Altoona, Pennsylvania. They reside with their two children. The Sills family is an "extremely low income family" as defined by the U.S. Department of Housing and Urban Development. 24 CFR 982.4(a)(3); 24 CFR 5.603(b). They live on a fixed income of $1059 per month, consisting solely of Social Security Disability and Supplemental Security Income. From September of 2002 until September 30, 2010, the Sills family participated in the Section 8 program administered by Defendants. The Sills family remains eligible to participate in the program.

10. Defendant Altoona Housing Authority is a public corporation created under the Pennsylvania Housing Authorities Law, 35 P.S. §1541 *et seq.* Its central offices are located at 2700 Pleasant Valley Boulevard, Altoona, PA 16602. Defendant AHA is responsible, among other things, to administer the federally funded and regulated Section 8 program in accordance with federal law. At all times relevant hereto, it acted by and through its duly authorized agents and or employees who acted within the scope and course of their employment and under color of state law.

11. Defendant Cheryl Johns is the Executive Director and chief operating officer of the Altoona Housing Authority. Defendant Johns is responsible for ensuring AHA and its agents and employees comply with the laws and regulations applicable to the Section 8 program.

## IV. LEGAL FRAMEWORK

12. Congress enacted the U.S. Housing Act "to remedy the unsafe housing conditions and the acute shortage of decent and safe dwellings for low-income families" in the nation, "to address the shortage of housing affordable to low-income families" and to "promote the goal of providing decent and affordable housing for all citizens." 42 U.S.C. §1437(a).

13. The Section 8 program, established pursuant to Section 201(a) of the Housing and Community Development Act of 1974, amending Section 8 of the U.S. Housing Act, provides monthly assistance payments for program participants to rent privately owned, decent, safe and sanitary housing in accordance with the Act and implementing regulations. *See generally* 42 U.S.C. §1437f(o); 24 CFR Part 982.

14. Under the program, the participant family contributes typically 30 percent of their monthly household income toward the cost of rent and utilities with the balance of rent paid directly to the owner of the dwelling pursuant to a Housing Assistance Payments ("HAP") Contract between the public housing agency (PHA) administering the program and the owner. *See* 42 U.S.C. §§1437f(o)(2)(A) and 1437f(o)(10).

15. Under the Act and implementing regulations, the PHA is required to adopt a Section 8 Program Administrative Plan and implement the program in accordance with the Act, regulations and the Plan. 42 U.S.C. §§1437c-1 and 1437f(o); 24 CFR 982.51 through 982.54 and 982.555(e).

16. The agency is further required by due process to comply with its own properly promulgated rules and regulations. *See, e.g., See Vitarelli v. Seaton*, 359 U.S. 535, 545 (1959); *Service v. Dulles*, 354 U.S. 363, 372 (1957); *Accardi v. Shaughnessy*, 347 U.S. 260, 267-268 (1954); *Sameena Inc., v. United States Air Force*, 147 F.3d 1148, 1153 (9th Cir. 1998); *NLRB v. Welcome-American Fertilizer Co.*, 443 F.2d 19, 20 (9th Cir. 1971); *see generally Wilkinson v. Legal Servs. Corp.*, 27 F. Supp. 2d 32, 57-61 (D.D.C. 1998).

17. A PHA may terminate a family's participation in the Section 8 program only as authorized by the Act and implementing regulations. *See* 24 CFR §§ 982.454 (lack of funding), 982.552 (participant action or failure to act).

18. Before terminating participation in the program, however, the PHA must notify the participant of the proposed termination and provide an opportunity for an informal hearing to object to the proposed termination. *See* 42 USCS §1437d(k); 24 C.F.R. §§ 982.555(a)(1)(v) and 982.555(a)(2); AHA Section 8 Program Administrative Plan (Administrative Plan), §§12(B)(1) and (B)(3), attached hereto as Exhibit 1. The notice must: state the reason(s) for the proposed termination; state that if the family does not agree with the decision, the family may request an informal hearing on the decision; and state the deadline for the family to request an informal hearing. *See* 42 USCS §1437d(k)(1); 24 CFR 982.555(c)(2); Administrative Plan, §§12(B)(1) and (B)(3). The family must be given the opportunity before the hearing to examine any PHA documents relevant to the proposed termination. *See* 24 CFR 982.555(e)(2)(i); Administrative Plan, §12(B)(4)(c). The family may be represented at the hearing by a lawyer or other representative. *See* 24 CFR 982.555(e)(3); Administrative Plan, §12(B)(4)(e). The hearing must be conducted by an objective decision maker. *See* 24 CFR 982.555(e)(4); Administrative Plan, §§12(B)(4) and (C)(1). The family must be given the opportunity to present evidence and

question any witnesses. *See* 24 CFR 982.555(e)(5); Administrative Plan, §12(B)(4)(f). The hearing officer must determine the facts based on a preponderance of the evidence presented at the hearing and issue a written decision based solely on the facts and evidence presented at the hearing. *See* 24 CFR 982.555(e)(6); Administrative Plan, §§12(B)(4)(h) and (D). The PHA has the burdens of proof and persuasion. *See, e.g., Basco v. Machin*, 514 F.3d 1177, 1181-1182 and n. 7 (11th Cir. 2008). The PHA may not adhere to a hearing decision rendered in a manner that is contrary to the implementing regulations or otherwise contrary to law. 24 CFR 982.555(f)(2); Administrative Plan, §§12(D).

19. These requirements are but a codification of the due process requirements imposed by the Fourteenth Amendment to the U.S. Constitution upon state actors before terminating such benefits. *See, e.g., Goldberg v Kelly*, 397 U.S. 254, 262 (1970); *Caulder v Durham Housing Authority*, 433 F.2d 998, 1004 (4th Cir. 1970); *Escalera v. N.Y. City Hous. Auth.*, 425 F.2d 853, 861 (2nd Cir. 1970); *Davis v. Mansfield Metro. Hous. Auth.*, 751 F.2d 180, 185 (6th Cir. 1984).

V. **FACTUAL ALLEGATIONS**

20. The factual allegations set forth above are incorporated herein by reference as though fully set forth.

21. Plaintiff Ashley Thompson was approved by AHA for rental assistance under the Section 8 program around May 1, 2010, at which time she and her eldest daughter, then 9 months old, used the Voucher to rent an apartment at 2329 Beale Avenue, 2nd Floor, Altoona, Pennsylvania 16601.

22. Due to her extremely low income, Ms. Thompson's portion of the monthly rent was set at $4 per month, the remainder of the $492 rent to be paid directly to the landlord by AHA pursuant to the HAP Contract.

23. Shortly after moving into the apartment, Ms. Thompson gave birth to her second daughter, who was added to the lease and approved for residency by AHA.

24. On September 24, 2010, Ms. Thompson was forced to seek a Protection from Abuse Order against the father of her youngest child (which subsequently was granted).

25. Later that day, the father appeared unannounced at AHA's central office and submitted to the agency a written statement that he had been residing with Ms. Thompson and her daughters in their apartment.

26. That same day, Defendant AHA served the Thompson family with a notice of proposed termination from the Section 8 program. The notice alleged that the father had resided with Ms. Thompson without being added to the lease, in violation of program requirements.

27. Ms. Thompson timely requested an informal hearing to object to the allegation and the Authority's decision to terminate her family's rental assistance.

28. Defendant Johns appointed a hearing officer to conduct the hearing, pursuant to Section 12(C)(1) of AHA's Administrative Plan. See Exhibit 1.

29. The hearing was conducted on November 8, 2010.

30. At the hearing, Ms. Thompson testified that the father had never resided in her apartment and that his September 24, 2010 statement to the contrary was made in retaliation of her Petition for the Protection from Abuse Order. Ms. Thompson submitted a notarized affidavit from the father admitting that he had never resided in the apartment. A witness with first hand knowledge further testified that the father had not resided in the apartment.

31. Subsequent to the hearing and without notice to Ms. Thompson, the hearing officer contacted the father's probation officer. As stated in the hearing officer's written decision, this conversation revealed to the hearing officer additional facts which allegedly demonstrated that

the father had listed Ms. Thompson's apartment as his place of residence on his probation intake form.

32. The hearing officer affirmed the proposed termination based upon these extra-record allegations of fact obtained by the hearing officer *ex parte*.

33. Ms. Thompson had no opportunity to dispute this extra-record (hearsay) evidence alleged against her family.

34. AHA adhered to the hearing decision even though it was, on its face, constitutionally and legally infirm and terminated the HAP contract at Ms. Thompson's apartment.

35. The Thompson family is threatened with imminent irreparable injury because of this. Without rental assistance, Ms. Thompson is unable to afford the rent at her family's current dwelling and is unable to afford alternative rental housing in the private market while providing for their other necessities. She was not able to pay the full rent due under her lease in November or December. Her landlord has notified her that if she cannot pay the arrearage by December 17, 2010, the landlord will file for eviction. She and her young children face imminent homelessness.

36. The Thompson family remains eligible for rental assistance under the Section 8 program.

37. Plaintiffs Deborah and David Sills were approved by AHA for rental assistance under the Section 8 program in September of 2002.

38. From September of 2002 to September 30, 2010, the Sills family used the Voucher to rent an apartment at 431 Cherry Avenue, Altoona, Pennsylvania 16601.

39. During each year of their tenancy, the Sills family completed the recertification process required under the Section 8 program, and each year AHA found them eligible for continued rental assistance.

40. Following the most recent recertification, the Sills' portion of the monthly rent was set at $335, the remainder of the $650 rent to be paid directly to the landlord by AHA pursuant to the HAP Contract.

41. On or about August 31, 2010, Defendant AHA served the Sills with a notice of proposed termination from the Section 8 program.

42. The notice alleged that Ms. Sills' mother had stayed with them for more than 14 days without prior permission from AHA, in violation of program requirements.

43. The Sills timely requested an informal hearing to object to the Authority's allegation and decision to terminate their rental assistance.

44. Defendant Johns appointed a hearing officer to conduct the hearing, pursuant to Section 12(C)(1) of AHA's Administrative Plan. See Exhibit 1.

45. The hearing was conducted on October 18, 2010.

46. At the hearing, the Sills testified that Ms. Sills' mother had suffered a disability-related episode in May and, due to the incident, was evicted and was hospitalized until June 1, after which she temporarily stayed with the Sills and then a neighbor. The neighbor, a recent widow, testified to this as well.

47. Subsequent to the hearing and without notice to the Sills, the hearing officer contacted the neighbor by phone to further question her. As stated in the hearing officer's written decision, this conversation revealed to the hearing officer "additional facts" which allegedly demonstrated that the mother had stayed with Sills for more than 14 days.

48. The hearing officer affirmed the proposed termination based on these extra-record allegations of fact obtained by the hearing officer *ex parte*.

49. The Sills had no opportunity to dispute these extra-record allegations of fact.

50. AHA adhered to the hearing decision even though it was, on its face, constitutionally and legally infirm and terminated the HAP contract at the Sills' apartment.

51. The Sills are threatened with irreparable injury because of this. They paid $414 toward the $650 rent due under the lease for November, and they paid the full rent for December. However, without rental assistance, they are unable to continue paying the full rent at their current dwelling, and they are unable to afford alternative rental housing in the private market while providing for their other necessities.

52. The Sills family remains eligible for rental assistance under the Section 8 program.

53. On information and belief, it is the policy or practice of Defendants to terminate federal housing benefits to program participants without providing an opportunity to object to the termination in a hearing before an objective decision maker with a decision based solely on the evidence presented at the hearing.

54. Plaintiffs have no adequate remedy at law.

## VI.   CAUSES OF ACTION

55. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation, under color of state law, of rights secured by the Fourteenth Amendment to the U.S. Constitution and the U.S. Housing Act and regulations construing the Act.

56. Defendants are "persons" within the meaning of 42 U.S.C. §1983, and their actions, omissions, policies, customs and practices described herein were taken under color of State law.

### A. **Violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.**

57. Defendants' policy or practice of terminating federal housing benefits to program participants without providing an opportunity to object to the termination in a hearing before an objective decision maker with a decision based solely on the evidence presented at the hearing

has the effect of depriving participants of their vested property interests without due process of law, in violation of the Fourteenth Amendment to the United States Constitution.

### B. Violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

58. Defendants' policy or practice of failing to comply with the express procedural requirements of the agency's own promulgated rules and regulations prior to terminating federal housing benefits to program participants has the effect of depriving participants of their vested property interests without due process of law, in violation of the Fourteenth Amendment to the United States Constitution.

### C. Violation of the U.S. Housing Act and Regulations Implementing the Act.

59. Defendants' policy or practice of terminating federal housing benefits to program participants without providing an opportunity to object to the termination in a hearing before an objective decision maker with a decision based solely on the evidence presented at the hearing violates the rights of participants under the United States Housing Act and regulations implementing the Act.

**WHEREFORE**, the Plaintiffs respectfully request that this Court:

a) Assume jurisdiction over this case;

b) Enter a judgment pursuant to 28 U.S.C. §2201 that declares defendants' conduct, policies and practices as set forth herein have violated the Plaintiffs' right to due process as guaranteed by the Fourteenth Amendment and Plaintiffs' rights under the U.S. Housing Act and its implementing regulations;

c) Enter an injunction:

   a. Enjoining defendants from terminating federal housing benefits of program participants without providing an opportunity to object to the

termination in a hearing before an objective decision maker with a decision based solely on the evidence presented at the hearing, consistent with due process, the U.S. Housing Act and implementing regulations;

b. Directing defendants to restore Plaintiffs' Section 8 Voucher benefits, retroactive to the effective dates of termination, pending litigation of this matter;

d) Award Plaintiffs monetary damages in amounts as authorized by law and established at trial;

e) Award Plaintiffs their litigation costs and reasonable counsel fees; and

f) Grant Plaintiffs such further relief as the interests of justice may require and this Court deems appropriate.

Respectfully submitted,

_____  Date: 12/15/2010
Kevin Quisenberry, Esq.
Pa. I.D. #90499
kquisenberry@cjplaw.org

Community Justice Project
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219
(412) 434-6002

_____
Susan M. Michalik, Esq.
Pa. I.D. # 58877
smichalik@midpenn.org

MidPenn Legal Services
3500 E. College Ave., Suite 1295

State College PA  16801
(814) 238-4958

Counsel for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY THOMPSON and DEBORAH and DAVID SILLS,<br><br>Plaintiffs,<br><br>v.<br><br>ALTOONA HOUSING AUTHORITY and CHERYL JOHNS, its Executive Director,<br><br>Defendants. | Civil Action No.:<br><br>Verified Complaint |

## **VERIFICATION**

To my knowledge and belief, I verify under penalty of perjury that the foregoing facts set out in the Verified Complaint are true and correct. Executed on __12/14/10__.

_/s/ Ashley B. Thompson_
Ashley Thompson

## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY THOMPSON and DEBORAH and DAVID SILLS, | |
| Plaintiffs, | |
| v. | Civil Action No.: |
| ALTOONA HOUSING AUTHORITY and CHERYL JOHNS, its Executive Director, | Verified Complaint |
| Defendants. | |

### VERIFICATION

To my knowledge and belief, I verify under penalty of perjury that the foregoing facts set out in the Verified Complaint are true and correct. Executed on ___12/14/10___.

_/s/ Deborah Sills_
Deborah Sills

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY THOMPSON and DEBORAH and DAVID SILLS,<br><br>Plaintiffs,<br><br>v.<br><br>ALTOONA HOUSING AUTHORITY and CHERYL JOHNS, its Executive Director,<br><br>Defendants. | Civil Action No.:<br><br>Verified Complaint |

## **VERIFICATION**

To my knowledge and belief, I verify under penalty of perjury that the foregoing facts set out in the Verified Complaint are true and correct. Executed on 12/14/10.

*/s/ David Sills*
David Sills

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served a copy of the above pleading by electronic mail, facsimile and hand delivery to the following persons on the date stated.

    Cheryl Johns, E.D.
    Altoona Housing Authority
    2700 Pleasant Valley Blvd.
    Altoona PA  16602
    cheryl.johns@altoonahousing.org
    (814) 949-2025 (fax)

    William J. Habberstroh, Esq.
    HSK&G
    3615 Burgoon Rd.
    Altoona PA  16602
    whaberstroh@hskglaw.com
    (814) 944-3200 (fax)

Date: 12/15/2010

_____
Kevin Quisenberry, Esq.
Pa. I.D. #90499
kquisenberry@cjplaw.org

Counsel for Plaintiffs