IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY THOMPSON, DEBORAH SILLS, and DAVID SILLS, *on behalf of themselves and all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> ALTOONA HOUSING AUTHORITY, CHERYL JOHNS, *its Executive Director*, MARK R. HORNAK, and JOHN or JANE DOE, <br><br> Defendants. | CIVIL ACTION NO. 3:10-CV-312 <br> JUDGE KIM R. GIBSON |

## MEMORANDUM ORDER

This matter comes before the Court on Defendants' Motion for Entry of Protective Order (Doc. No. 52) and Plaintiffs' Motion to Compel Discovery (Doc. No. 55). For the reasons that follow, both motions will be **GRANTED in part** and **DENIED in part**.

The parties have asked the Court to intervene and resolve a discovery dispute which arose after Defendants filed their Response to Plaintiffs' First Set of Discovery Regarding Class Certification (Doc. No. 52-2). Specifically, the parties contest whether: (1) Plaintiffs' interrogatories and requests for production of documents ("RFPDs") are relevant to the proposed class; (2) Defendants sufficiently responded to certain RFPDs; and (3) Plaintiffs are entitled to attorney's fees related to filing their motion to compel. The Court will address each of these issues in turn.

1

I.   **Relevance**

The parties disagree as to whether Plaintiffs' interrogatories and RFPDs are relevant to the proposed class in this case: participants in Defendants' Section 8 Housing Choice Voucher program who have been improperly terminated from the program since March 25, 2009.[1] Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery o f admissible evidence." F ED. R. CIV. P. 26(b)( 1). In the context of discovery, relevance is construed broadly to include "[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 353 (1978); see also *Khodara Envtl. II, Inc. v. Chest Twp.,* Civ. A. No. 3:2002-96, 2007 U.S. Dist. LEXIS 56735, *3-4 (W.D. Pa. 2007) (explaining that relevance is a "relatively low threshold to meet[,]" and that "documents which are relevant to anything that may relate to a matter at issue in the case will be ordered to be produced") (citations omitted).

Instantly, Defendants need not respond to the following interrogatories because they request information which is not relevant to Plaintiffs' proposed class: Interrogatories 1 and 5-16. (See Doc. No. 52-2, pgs. 2-8). The Court will not require Defendants to produce information regarding their "Public Housing program" separate and apart from the "Section 8 Housing Choice Voucher program," whose wrongfully terminated participants make up the proposed class. (See Interrogatories 5-8, 13-16). Similarly, the Court will not compel Defendants to

---

[1] By filing their Verified Second Amended Complaint on March 24, 2011, Plaintiffs sought to bring this action on behalf of themselves and "a class consisting of all participants in the Section 8 Housing Choice Voucher program operated by Defendants who were terminated within the past two years pursuant to policies alleged herein and all present and future participants." (Doc. No. 34 at ¶ 18).

2

disclose information about every "applicant" or "participant" in the Defendants' Section 8 Housing Choice Voucher program; only information relating to those participants actually terminated within the above-discussed time frame is relevant and, therefore, discoverable. (See Interrogatories 1, 9-12). RFPDs 5-10, 12-14, and 24 are also overbroad and seek documents which are not relevant to the proposed class; thus, the Court will not compel Defendants to respond. (See Doc. No. 52-2, pgs. 10-16).

On the other hand, Defendants must answer Interrogatories 2-4 and 17-22 because they seek relevant information regarding the proposed class. However, one caveat is imposed: Defendants must only respond with information relating to the relevant timeframe, *i.e.* from March 25, 2009 onwards.[2] Likewise, Defendants must respond to RFPDs 1-4, 11, and 15-23, but need only supply documents relating to the same timeframe.

## II. Responsiveness

Plaintiffs also contend that Defendants have improperly provided nonresponsive answers to multiple RFPDs. Specifically, Plaintiffs claim Defendants are "hiding the ball" by responding to RFPDs by directing Plaintiffs to "approximately 1416 pages of unlabeled, uncategorized, unsorted documents produced by Defendants in their initial disclosure, without referencing which documents are responsive to which [RFPD]." (See Doc. No. 56, pgs. 4-5). Defendants contend that their responses complied with Federal Rule of Civil Procedure 34(b)(2)(E)(i) because the documents were produced as they are kept in the usual course of business. (See Doc. No. 58 at 6).

---

[2] For example, Interrogatory 2 requests that Defendants "identify each Section 8 Housing Choice Voucher program participant actually terminated from the program since June 15, 2008[.]" (Doc. No. 52-2, pg. 3). Defendants must respond to that interrogatory, but may limit their response by identifying only those participants actually terminated from the program since March 25, 2009, the time period relevant to the proposed class.

3

Rule 34(b)(2)(E)(i) provides that "[a] party must produce documents as they are kept in the usual course of business *or* must organize and label them to correspond to the categories in the request." FED. R. CIV. P. 34(b)(2)(E)(i) (emphasis added). The plain language of the rule "gives the responding party the option either to produce the documents in the manner they usually keep the records or produce them in the categories sought; that rule does not require the responding party to alter their record keeping to meet the movant's discovery categories[.]" *Hill v. Stewart*, Civ. A. No. 10CV538S, 2011 U.S. Dist. LEXIS 108448, *18 (W.D.N.Y. 2011) (collecting cases). Plaintiffs have provided the Court with no evidence to show that the documents were not produced as they were kept in Defendants' usual course of business. Therefore, the Court will deny Plaintiffs' motion to compel in this respect.

### III. Attorney's Fees

Plaintiffs also request that this Court issue an order requiring Defendants to pay attorney's fees and costs related to Plaintiffs' filing their motion to compel discovery. (See Doc. No. 55-2, pg. 1). Although Defendants failed to appropriately respond to certain interrogatories and RFPDs, they properly refused to respond to numerous interrogatories and RFPDs that went beyond the proper scope of discovery as defined by Plaintiffs' own proposed class. Accordingly, attorney's fees are not warranted.

### IV. Conclusion

For the above-stated reasons, **IT IS HEREBY ORDERED** that Defendants' Motion for Entry of Protective Order (Doc. No. 52) and Plaintiffs' Motion to Compel Discovery (Doc. No. 55) are both **GRANTED in part** and **DENIED in part**. Specifically, Defendants need not respond to: (1) Interrogatories 1 and 5-16; and (2) RFPDs 5-10, 12-14, and 24. Defendants, however, must respond to: (1) Interrogatories 2-4 and 17-22; and (2) RFPDs 1-4, 11, and 15-23.

Defendants may limit their responses to the timeframe relevant to the proposed class, from March 25, 2009 onwards.

**IT IS FURTHER ORDERED** that the Court's scheduling order (Doc. No. 70) is revised as follows:

- Defendants shall produce the ordered discovery by December 5, 2011;

- Plaintiffs shall file their motion for class certification by January 5, 2012;

- Defendants shall file their opposition to motion for class certification by January 19, 2012; and

- Plaintiffs shall file their reply to Defendants' opposition to motion for class certification by February 2, 2012.

BY THE COURT:

**November 3, 2011**

KIM R. GIBSON,
**UNITED STATES DISTRICT JUDGE**