IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY THOMPSON and DEBORAH and DAVID SILLS, *on behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>ALTOONA HOUSING AUTHORITY and *its Executive Director*, CHERYL JOHNS, *in her individual capacity*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 3:10-CV-312<br>) JUDGE KIM R. GIBSON<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER OF COURT

### I. SYNOPSIS

This matter comes before the Court on Plaintiffs' Motions for Enforcement of Order (Doc. Nos. 20, 48) and Defendants' Motion for Relief from Order (Doc. No. 42). For the reasons that follow, Plaintiffs' first motion (Doc. No. 20) and Defendants' motion (Doc. No. 42) are **DENIED**, and Plaintiffs' second motion (Doc. No. 48) is **GRANTED in part** and **DENIED in part**.

### II. JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343. Venue is proper under 28 U.S.C. § 1391(b).

### III. BACKGROUND

Plaintiffs Ashley Thompson, Deborah Sills, and David Sills (collectively, "Plaintiffs") commenced the instant action by filing a motion for temporary restraining order and preliminary

1

injunction on December 16, 2010 requesting that this Court require Defendants Altoona Housing Authority ("AHA") and Cheryl Johns (collectively, "Defendants") to restore Plaintiffs' Section 8 rental assistance benefits.[1] (See Doc. No. 2). By order dated December 17, 2010, the Court denied Plaintiffs' motion with respect to the temporary restraining order only and scheduled a preliminary injunction hearing for December 27, 2010. (See Doc. No. 6). Plaintiffs also filed their Verified Complaint on December 17, 2010, which alleged that Defendants' policies and practices for terminating Section 8 program participants' benefits violated the Due Process Clause of the Fourteenth Amendment and the United States Housing Act, 42 U.S.C. § 1437 *et seq*. (See Doc. No. 7). Specifically, Plaintiffs alleged that Defendants improperly terminated Plaintiffs' "federal housing benefits . . . without providing an opportunity to object to the termination in a hearing before an objective decision maker with a decision based solely on the evidence presented at the hearing." (*Id.* at 1).

On December 23, 2010, Plaintiffs withdrew their motion for preliminary injunction and the parties entered into a stipulation, which provides that the parties "hereby acknowledge and stipulate that . . . [AHA] has immediately and pending final resolution of this litigation restored the Section 8 Housing Choice Voucher benefits of Plaintiffs retroactive to the effective dates upon which AHA terminated these benefits." (See Doc. No. 11). By order entered December 23, 2010 (the "Stipulation Order"), the Court "directed [the parties] to act in accordance with the [parties'] stipulation." (See Doc. No. 12 at 2).

Plaintiffs filed their first Motion for Enforcement of Order (Doc. No. 20) on March 1,

---

[1] The federal Section 8 rental assistance program "provides rent subsidies for low- and moderate-income participants so that they can afford to lease privately owned housing units." *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 544 n.4 (3d Cir. 2006) (citing *Truesdell v. Philadelphia Hous. Auth.*, 290 F.3d 159, 161-62 (3d Cir. 2002)).

2

2011 requesting that the Court compel Defendants' compliance with the Stipulation Order by: (1) enjoining Defendants from taking any further action to terminate Plaintiffs' Section 8 benefits pending the ultimate resolution of the litigation; (2) holding Defendants in contempt and imposing sanctions for Defendants' alleged violation of the Stipulation Order; and (3) awarding attorney's fees to Plaintiffs. (See id. at 1). Plaintiffs claim Defendants violated the Stipulation Order by threatening and taking steps to terminate Plaintiffs' benefits, namely scheduling and conducting new termination hearings. (See id. at 2). Defendants opposed Plaintiffs' motion claiming that: (1) Defendants have not violated the Stipulation Order; (2) Plaintiffs' "benefits have been maintained without interruption"; and (3) Plaintiffs' benefits would be maintained pending the final resolution of the litigation irrespective of the hearing officer's decisions in the new hearings. (See Doc. No. 33 at 2-4).

On June 27, 2011, Defendants filed a Motion for Relief from Order (Doc. No. 42) seeking to vacate the Stipulation Order on the grounds that "Plaintiffs have substantially altered the status quo[.]" (See id. at 1). In particular, Defendants contend that they should no longer be required to maintain Plaintiffs' Section 8 benefits because Plaintiff Thompson "abandoned her Section 8 voucher" and Plaintiffs Deborah and David Sills "have demonstrated a deliberate unwillingness to comply with the terms of the Section 8 Program." (See id. at 8). Plaintiffs opposed Defendants' motion by filing a second Motion for Enforcement of Order (Doc. No. 48) claiming that Plaintiff Thompson's benefits have now been improperly terminated. Plaintiffs request the same relief in both motions. (*Compare* Doc. No. 20 *with* Doc. No. 48). Defendants filed their opposition to the second motion on August 12, 2011. (See Doc. No. 51). Oral argument was held on October 19, 2011 regarding these three pending motions, which are now

3

ripe for disposition.[2]

## IV. STANDARD OF REVIEW

Federal courts may compel parties to comply with their orders. See e.g., *Int'l Union, United Mine Workers. of Am. v. Bagwell*, 512 U.S. 821, 827 (1994) (noting that "civil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard"); *Zaklama's Irrevocable Trust v. Twp. of Weehawken*, 167 F. App'x 325, 327-28 (3d Cir. 2006) (concluding that a district court did not abuse its discretion by issuing an "order enforcing its prior sanction order").

## V. DISCUSSION

Plaintiffs' first motion for enforcement contends that Defendants violated the Stipulation Order by conducting new benefit termination hearings. Defendants' motion requests that the Court vacate the Stipulation Order and release AHA from its obligation to maintain the housing benefits of Plaintiffs pending the ultimate resolution of this case. Plaintiffs' second motion opposes Defendants' motion and claims that Defendants violated the Stipulation Order by terminating the benefits of Plaintiff Thompson. The Court will address these contentions in turn.

### A. Plaintiffs' First Motion for Enforcement

In their first motion, Plaintiffs request that this Court enjoin Defendants from terminating Plaintiffs' housing benefits, hold Defendants in contempt, and award Plaintiffs attorney's fees related to the filing of their motion. (See Doc. No. 20 at 1). Plaintiffs contend that this relief is warranted because Defendants violated the Stipulation Order by holding new benefit termination

---
[2] The Court will not discuss at this juncture the parties' discovery dispute resolved by Memorandum and Order of Court dated November 3, 2011, (Doc. No. 72), or the class certification issue which has not yet been fully briefed.

4

hearings.[3] Defendants counter that holding new hearings did not violate the Stipulation Order because Defendants never intended to—and ultimately did not—terminate Plaintiffs' benefits as a result of the hearings. (See Doc. No. 33 at 1, 4).

The Court's Stipulation Order directs the parties to act in accordance with the stipulation into which they entered. (See Doc. No. 12 at 2). The stipulation provides that the parties "hereby acknowledge and stipulate that . . . [AHA] has immediately and pending final resolution of this litigation restored the Section 8 Housing Choice Voucher benefits of Plaintiffs retroactive to the effective dates upon which AHA terminated these benefits." (See Doc. No. 11). Thus, the Court's Stipulation Order simply obligates AHA to restore Plaintiffs' Section 8 benefits pending the ultimate termination of this litigation.

Although Defendants conducted new termination hearings, Plaintiffs' Section 8 benefits were not terminated as a result. Therefore, despite Plaintiffs' allegations to the contrary, Defendants did not actually breach their duty to maintain Plaintiffs benefits under the Stipulation Order, and the Court will **DENY** Plaintiffs' first motion for enforcement.

### B.  Defendants' Motion for Relief from Order

In their motion, Defendants request that the Court vacate the Stipulation Order and release AHA from its obligation to maintain Plaintiffs' Section 8 benefits so that Defendants can "effectively pursue the mission of the Section 8 Program and provide affordable housing to interested persons willing to comply with the terms of that program." (Doc. No. 42 at 8). Failure to vacate the Stipulation Order, Defendants contend, would be manifestly unjust because

---

[3] Plaintiffs refused to participate in the new hearings claiming they were procedurally defective and unconstitutional, like the original hearings. (See Doc. No. 20 at 1). After the new hearings were conducted, Plaintiffs filed a Verified Second Amended Complaint incorporating allegations of additional procedural deficiencies related to the new hearings and seeking class action certification. (See Doc. No. 34).

Plaintiff Thompson "has abandoned her Section 8 voucher[,]" and Plaintiffs Deborah and David Sills "have demonstrated a deliberate unwillingness to comply with the terms of the Section 8 Program." (See *id.*).

As the United States Court of Appeals for the Third Circuit has explained, "[a]llowing parties easily to set aside or modify stipulations would defeat th[eir] purpose, wasting judicial resources and undermining future confidence in such agreements. Thus, 'it is a well-recognized rule of law that valid stipulations entered into freely and fairly, and approved by the court, should not be lightly set aside.'" *Waldorf v. Shuta*, 142 F.3d 601, 616 (3d Cir. 1998) (quoting *Kohn v. Am. Metal Climax, Inc.*, 458 F.2d 255, 307 (3d Cir. 1972)); see also *Orvosh v. Program of Group Ins. for Salaried Emps. of Volkswagen of Am.*, 222 F.3d 123, 129 n.7 (3d Cir. 2000); *United States v. Lenegan*, 425 F. App'x 151, 154 (3d Cir. 2011). However, courts may still grant parties relief from valid stipulations in limited circumstances, such as preventing the occurrence of manifest injustice. See *Waldorf*, 142 F.3d at 617-18. When deciding whether it would be manifestly unjust to bind a party to a stipulation, courts consider the following factors: "(1) the effect of the stipulation on the party seeking to withdraw the stipulation; (2) the effect on the other parties to the litigation; (3) the occurrence of intervening events since the parties agreed to the stipulation; and (4) whether evidence contrary to the stipulation is substantial." *Id.* (citations omitted); *Lenegan*, 425 F. App'x at 154. The Court will consider each of these factors.

### 1. Effect of Stipulation on Party Seeking to Withdraw Stipulation

Defendants contend that the Stipulation Order negatively affects them because it impedes their ability to pursue the mission of the Section 8 program. Specifically, by "compl[ying] with the stipulation and maintain[ing] the Section 8 vouchers of [Plaintiffs] without interruption[,]"

Defendants cannot provide these two vouchers to other applicants on the Section 8 voucher waiting list. (See id. at 2). This limiting effect, however, is exactly what Defendants bargained for when they entered into a stipulation obligating them to maintain the Plaintiffs' vouchers until the ultimate resolution of the case.

### 2. Effect on Other Parties to the Litigation

Setting aside the stipulation would clearly impact Plaintiffs because the very reason Defendants requested the Court vacate the Stipulation Order was so that Defendants could freely terminate Plaintiffs' Section 8 benefits.[4]

### 3. Occurrence of Intervening Events Since Entering Stipulation

When addressing this factor, courts should consider "whether a *subsequent* change of circumstances was so dramatic that strict adherence to the pretrial stipulation would result in manifest injustice." See *E.E. Cruz & Co. v. Hartford Fire Ins. Co.*, Civ. A. No. 05-1523, 2006 U.S. Dist. LEXIS 83090, *11 (D.N.J. 2006) (original emphasis) (citing *Chem. Leaman Tank Lines v. Aetna Cas. & Sur.*, 71 F. Supp. 2d 394, 398 (D.N.J. 1999)). Instantly, Defendants claim two intervening events which occurred since entering into the stipulation justify relieving them from the obligations imposed by the stipulation: (1) Plaintiffs Deborah and David Sills "knowingly and deliberately violated Section 8 regulations and the [AHA's] Section 8 Plan" by allowing Josephine Brooker to reside with them; and (2) Plaintiff Thompson "abandoned her

---

[4] Defendants also claim that after conducting a mandatory re-examination of the Sills' household income, AHA concluded that the Sills are not entitled to rental assistance payments based on their current monthly rent of $579.00, and that as a result, the Section 8 voucher "has no practical value." (See Doc. No. 60-1). This conclusion, however, stems from calculations which include Josephine Brooker as a member of the Sills' household, even though Defendants maintain that she is an "unauthorized live-in[.]" (See id. at 3). Ms. Brooker's presence and status in the Sills' household are disputed issues of material fact which are: (1) central to the ultimate disposition of this case; and (2) not yet ripe for the Court's consideration. Therefore, the Court declines to conclude at this time that the Sills' Section 8 voucher has no value.

Section 8 voucher." (See Doc. No. 42 at 8-9).

Defendants' first contention cannot be considered an intervening event subsequent to the parties entering into the stipulation because the alleged misconduct predates the stipulation. (See *id.* at 5) ("[T]he [AHA] initially moved to terminate the Sills' Section 8 benefits because they had allowed an unauthorized individual, Josephine Brooker, to reside in their apartment."). Even if Defendants are correct in asserting that Ms. Brooker has continued to reside with the Sills through the present day, her continued presence would not constitute a change in circumstances, let alone a dramatic change in circumstances which justifies relieving the parties from their stipulation. See *E.E. Cruz & Co.*, 2006 U.S. Dist. LEXIS 83090 at *11. Similarly, Defendants' second contention—that Plaintiff Thompson "abandoned"[5] her voucher—is also insufficient grounds to justify vacating the Stipulation Order.

### 4. Whether Evidence Contrary to the Stipulation is Substantial

Defendants have not identified any evidence which is contrary to the stipulation.[6] The Court also notes that the parties' stipulation outlines AHA's agreed course of conduct; it does not resolve any factual disputes. Therefore, the stipulation cannot be contradicted by evidence. See *Waldorf*, 142 F.3d at 617 (noting that "conclusory stipulations[,]" such as a party's concession of liability, "are entitled to less deference than evidentiary [stipulations]").

After consideration of all four factors identified in *Waldorf*, the Court declines to set-aside the parties' stipulation. Manifest injustice will not result from requiring the parties to perform as they previously agreed. Accordingly, Defendants' motion is **DENIED**, and AHA

---

[5] While Defendants claim that Thompson "abandoned" her search voucher, Defendants acknowledge that the voucher expired by its own terms after Thompson failed to procure suitable housing. (See Doc. No. 42 at 3).

[6] Defendants do not even mention this factor in their motion. (See Doc. No. 42).

must restore and maintain Plaintiffs' Section 8 voucher benefits until the ultimate resolution of this litigation. To this end, AHA must issue Plaintiff Thompson a new search voucher which will not terminate before this case is resolved.

### C. Plaintiffs' Second Motion for Enforcement

In their second motion, Plaintiffs oppose Defendants' motion and request, once again, that this Court enjoin Defendants from terminating Plaintiffs' housing benefits, hold Defendants in contempt, and award Plaintiffs attorney's fees. (See Doc. 48 at 9). Sanctions are not warranted by Defendants' conduct to date, but may be imposed if Defendants fail to comply with the directives imposed today. Therefore, Plaintiffs' second motion is **GRANTED in part** and **DENIED in part**. Specifically, AHA must restore and maintain Plaintiffs' benefits as discussed above, but the Court denies Plaintiffs' other requests for relief.

## VI. CONCLUSION

For the reasons stated above, Plaintiffs' first motion (Doc. No. 20) and Defendants' motion (Doc. No. 42) are **DENIED**, and Plaintiffs' second motion (Doc. No. 48) is **GRANTED in part** and **DENIED in part**. Accordingly, the parties must comply with the Stipulation Order (Doc. No. 12), and Defendant Altoona Housing Authority must: (1) restore and maintain Plaintiffs' Section 8 voucher benefits until the ultimate resolution of this litigation; and (2) issue Plaintiff Thompson a new Section 8 search voucher which will not terminate before this case is resolved. The following Order will issue:

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ASHLEY THOMPSON and DEBORAH and )
DAVID SILLS, *on behalf of themselves and all* )
*others similarly situated*, )
)
Plaintiffs, )
) CIVIL ACTION NO. 3:10-CV-312
v. ) JUDGE KIM R. GIBSON
)
ALTOONA HOUSING AUTHORITY and *its* )
*Executive Director*, CHERYL JOHNS, *in her* )
*individual capacity*, )
)
Defendants. )

**ORDER**

**AND NOW**, this 9th day of November, 2011, this matter coming before the Court on Plaintiffs' Motions for Enforcement of Order (Doc. Nos. 20, 48) and Defendants' Motion for Relief from Order (Doc. No. 42), **IT IS HEREBY ORDERED**, in accordance with the Memorandum, that Plaintiffs' first motion (Doc. No. 20) and Defendants' motion (Doc. No. 42) are **DENIED**, and Plaintiffs' second motion (Doc. No. 48) is **GRANTED in part** and **DENIED in part**. Accordingly, the parties must comply with the Stipulation Order (Doc. No. 12), and Defendant Altoona Housing Authority must: (1) restore and maintain Plaintiffs' Section 8 voucher benefits until the ultimate resolution of this litigation; and (2) issue Plaintiff Thompson a new Section 8 search voucher which will not terminate before this case is resolved.

BY THE COURT:

/s/ Kim R. Gibson

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**