**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ASHLEY THOMPSON and DEBORAH and )
DAVID SILLS, *on behalf of themselves and all* )
*others similarly situated,* )
                      )
            Plaintiffs, )
                      ) CIVIL ACTION NO. 3:10-CV-312
      v. ) JUDGE KIM R. GIBSON
                      )
ALTOONA HOUSING AUTHORITY and *its* )
*Executive Director*, CHERYL JOHNS, *in her* )
*individual capacity*, and JOHN or JANE DOE, )
                      )
           Defendants. )

## MEMORANDUM AND ORDER OF COURT

### I.    SNYOPSIS

This matter comes before the Court on Defendants' Motion for Reconsideration of Court's Class Certification Order (Doc. No. 97), which Plaintiffs oppose. For the reasons that follow, the Court will **DENY** the motion.

### II.    JURISDICTION AND VENUE

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Venue is proper under 28 U.S.C. § 1391(b).

### III.    BACKGROUND

This action stems from the allegedly improper termination of Section 8 rental assistance benefits of Plaintiffs by Defendants Altoona Housing Authority ("AHA") and its executive

1

director, Cheryl Johns (collectively, "Defendants"). The instant matter comes to this Court from its prior determination to certify the class and class claims as articulated in this Court's Memorandum and Order of Court (Doc. No. 95). The factual background of this case is incorporated by reference to the Court's prior memorandum and the background section contained therein (See id. at 1-3).

Procedurally, Defendants filed the instant motion for reconsideration and supporting brief (Doc. Nos. 97 and 98) within two weeks of entry of the Court's class certification Order (Doc. No. 95). Plaintiffs responded with a brief in opposition to the motion (Doc. No. 99), to which Defendants filed a reply brief (Doc. No. 103), and to which Plaintiffs filed a surreply brief (102-1). The motion has been fully briefed, and is now ripe for disposition.

## IV.    LEGAL STANDARD

Upon certification of a class, an aggrieved party may submit an interlocutory appeal pursuant to Rule 23(f) subject to the "sole discretion of the court of appeals," or may request the certifying court to reconsider its determination under a motion to reconsider. (See Fed. R. Civ. P. 23(f) and accompanying advisory committee notes). Additionally, a certifying court may alter or amend the class certification order prior to final judgment under Rule 23(c)(1)(C). As instructed by the Third Circuit, "[d]istrict Courts are required to reassess their class rulings as the case develops." *Barnes v. American Tobacco Co.*, 161 F.3d 127, 140 (3d Cir. 1998). In making the determination of whether to amend or reconsider a class certification, courts have routinely made such assessments under an analysis that focuses on whether changed circumstances have arisen in the case. See e.g., *Eisenberg v. Gagnon*, 766 F.2d 770, 787 (3d Cir. 1985) (noting that "class actions depend on the continuing supervision of the district court, including

reconsideration of the efficacy of class action treatment as the circumstances change."); see also

*Clark v. Pfizer Inc.*, 990 A.2d 17 (Pa. Super. Ct. 2010). Motions to reconsider place changed

circumstances at the center of this analysis by requiring a party to show some previously

unavailable evidence, intervening change in law, or manifest injustice.

As this Circuit has spelled out, "[t]he purpose of a motion for reconsideration is 'to

correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v.

Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d

669, 677 (3d Cir. 1998)). As the court has explained, a judgment may be altered or amended if

the party seeking reconsideration demonstrates at least one of the following grounds: "(1) an

intervening change in controlling law; (2) the availability of new evidence; or (3) the need to

correct clear error of law or prevent manifest injustice." *Lazaridis*, 591 F.3d at 669 (citing *N.

River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); *Quinteros*, 176

F.3d at 677. Without demonstrating such grounds, however, it has been noted that "[m]ere

'dissatisfaction with [a court's] ruling is not a proper basis for reconsideration.'" *Holbrook v.

Woodham*, Civ. A. No. 3:05-304, 2007 U.S. Dist. LEXIS 50966, *4 (W.D. Pa. 2007) (quoting

*Velazquez v. UPMC Bedford Mem'l Hosp.*, 338 F. Supp. 2d 609, 611 (W.D. Pa. 2004)); see also

*Lazaridis*, 591 F.3d at 669 (upholding a district court's denial of a motion for reconsideration

because advancing "the same arguments that were in [the movant's] complaint and motions" was

"not a proper basis for reconsideration"); *Chinniah v. East Pennsboro Tp.*, CIV. A. 1:08-1330,

2012 WL 3043024 *1 (M.D. Pa. July 25, 2012) (A motion for reconsideration "may not be used

as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented

to the court in the context of the matter previously decided.").

## V.    DISCUSSION

Defendants aver that reconsideration of the Court's prior determination to grant Plaintiff's class certification motion is warranted in this case on various grounds. The Court will address each argument in turn.

### a. Numerosity

Defendants first argue that the Court's memorandum erroneously established the numerosity requirement of Rule 23(a)(1). Specifically, Defendants argue that "the Court's Order erroneously counted various individuals (and in some cases, non-individuals) that should not have been included as members of the proposed class." (Doc. No. 98 at 4). Defendants support this claim with three contentions in particular. First, Plaintiffs were unable to prove "any possibility of present or future participants" being part of the certified class regarding three of the alleged deficient policies. (Id. at 4). Second, Defendants aver that the certification incorrectly included eight individuals who received the deficient notifications, but who ultimately did not appear for an informal hearing, which, in effect, precluded them from the class. (Id. at 6). Third, Defendants argue that the total number of households represented as part of the class was overstated by three households. (Id. at 7).

As to the first contention, Defendants' argument rests on the notion that because three of the alleged violative practices ceased by March 2011 and November 2010, present and future participants could not be included as part of the class. As indicated by the Court in its prior memorandum, a motion for class certification need not fully contemplate all merits of the allegations set forth by the parties, but "may include a preliminary inquiry into the merits of the claims." (Doc. No. 95 at 4); see *Behrand v. Comcast Corp.*, 655 F.3d 182, 190 (3d Cir. 2011);

4

see also *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 318 (3d Cir. 2008) (setting forth the permissible extent of any inquiry into the merits with regard to a class certification motion).

With respect to reconsideration, Defendants' burden is to show some newly available evidence, an intervening change in law, or manifest injustice or clear error of law. In the Defendants' instant motion, there is no specific contention whether this argument represents available new evidence, an intervening change in law, or whether the court's decision represents a manifest injustice or clear error of law. (See Doc. No. 98 at 3-4). Defendants merely claim that the Court made erroneous determinations. (See id. at 4, 6, 7). Indeed, the Court previously addressed Defendants' concern when it found that, "[w]hile Defendants are correct that Plaintiffs have identified fifteen or fewer terminated households who would have been subjected to *all* of the class claims raised, this argument against numerosity fails to account for the hundreds of *current and future* Program participants potentially subject to the challenged practices." (Doc. No. 95 at 8) (emphasis added).

While Defendants may not have explicitly raised this argument in their prior opposition to certification, they indeed had the opportunity to do so. The Plaintiffs made it clear in their motion that certification would be for a "proposed class of all past, present and future Section 8 participants who have been, are or will be subject to Defendants' conduct, policies and practices as alleged." (Doc. No. 87 at 5). Here, Defendants do not put forth any newly discovered evidence[1] or new law that might warrant reconsideration of certification of past and future members. Even still, had the Defendants properly met their burden here on reconsideration, the Court would likely not delve into a merits analysis of the present and future program participants because Plaintiffs had sufficiently met the Rule 23 certification requirements on the prior

---

[1] Defendants allege in their motion for reconsideration that the "undisputed evidence establishes that these three alleged policies or practices ceased no later than March 2011 and November 2010, respectively," and would thus cut off the class from present or future injured participants. (Doc. No. 98 at 4).

5

occasion. Specifically, the Court found that the evidence was sufficient to warrant the class certification in the absence of any contravening evidence presented by Defendants. Thus, the Court's prior consideration of this issue, and Defendants' inability in the instant motion to show newly available evidence, an intervening change in law, or manifest injustice does not meet the necessary threshold to warrant reconsideration of the class certification Order.

As to their second contention, Defendants claim that the Court erroneously certified a class that included eight individuals who failed to appear for an informal hearing. (See Doc. No. 98 at 6). In supporting its contention, Defendants argue that the evidence provided to the Court was insufficient as to "explain[ing] why any of the eight did not show for their hearings." (Id.). The Court considered this contention when it acknowledged in its prior memorandum that "Defendants note that only fifteen identified Program participants attended a hearing," but nonetheless found numerosity had been established. (Doc. No. 95 at 7). Even further, basing the reconsideration motion upon this argument, however, would impermissibly delve into the merits, where this Circuit has explicitly instructed that "[i]n considering whether certification is proper, we refrain from conducting a preliminary inquiry into the merits." *Barnes*, 161 F.3d at 140. Accordingly, Defendants have failed to carry its reconsideration burden on this ground.

As to the third contention regarding numerosity—that the certification order was erroneously based upon the inclusion of three individuals who did not exist—Defendants argue that Plaintiffs' contention that thirty-three households were affected by the policies overstates the total number of individuals affected because their accompanying exhibits only included evidence of thirty affected households. (See Doc. No. 87-2 through 87-31). Upon a review of the record, the exhibits do evidence at least thirty households affected by Defendant's policies. This discrepancy, however, is not fatal because, as the Court previously noted in its memorandum, the

6

preliminary number likely underestimates the total number of individuals within each household who would be affected by the Defendants' policies, benefit termination, and eventual eviction.[2] (See Doc. No. 95 at 6 n.3-4). Indeed, the Court found as alleged in the second amended complaint that two households contained seven affected individuals. (See Doc. No. 95 at 6, n.2) Thus, even in in the presence of only thirty households, there would be at least thirty-five individuals affected by the policies.[3] Even more, upon further review of the Plaintiffs' exhibits, the documentation points to several households containing more than one individual[4] within the household that would provide a non-speculative, low-base estimate of at least forty-eight authorized individuals in thirty households that could be adversely affected by the outcomes of the policies.[5] Thus, in the presence of the already existing evidence, the Court finds that not only have the Defendants not met their burden with regard to reconsideration of the numerosity requirement for class certification, but also, a review of the record points to a greater number of individual class members affected than previously determined by the Court. Accordingly, reconsideration upon this basis fails.

---

[2] While Plaintiffs originally identified the number of affected class members as a number of households, the Court, as it found in its previous Memorandum certifying the class, considers that the number of individuals adversely affected within those households also would be members of the class.

[3] Where twenty-eight households would have at least twenty-eight affected individuals, and the remaining two households having seven additional affected individuals, for a minimum total of thirty-five affected individuals.

[4] And such individuals would be considered legitimate, approved residents, such as children, elderly parents, etc., as exhibited in the findings of fact present in the revocation hearing memorandums. It is important to note that this estimate does not include non-approved residents (as indicated in the notice letters and hearing findings) that may have served as the substantive basis for termination proceedings initiated by Defendants.

[5] For example, when reviewing Plaintiffs' exhibits, the termination letters and hearing minutes clearly set out who is authorized to be living in each household, such as with the Valentino family, where the hearing officer found that, "Ms. Valentino, her husband Ernest Oswalt, and two minor children … are the only persons approved by the Authority as household members of the Unit." (Doc. No. 87-22 at 16). Defendants could have easily arrived at this estimate upon a simple review of the evidentiary filings, rather than attempt to make an unfounded numerosity argument.

### b. Class Claims and Merits of the Claims

Defendants next allege that the Court erroneously certified class claims because three claims were not properly before the Court since Plaintiffs had not sufficiently alleged them. (See Doc. No. 98 at 8). Defendants additionally argue that the Court incorrectly held that a determination regarding the merits of the claims was more appropriate for summary judgment. (See id. at 8, 11).

With regard to the sufficiency of the class claims, Defendants argue that four claims in particular deserve reconsideration: "(a) notifying participants that only written evidence would be considered at a benefit termination hearing," "(b) notifying participants that it is their burden at the hearing to prove why they should not be terminated," "(d) terminating benefits based solely on uncorroborated hearsay," and "(e) using a partial, non-neutral decision make at the hearing." (Doc. No. 98 at 8). As to claim (d), Defendants argue that the allegations contained in the Plaintiffs' Second Amended Complaint (See Doc. No. 34) in Paragraphs 44 and 63 are not sufficient to find a class claim of the termination of benefits based *solely* on uncorroborated hearsay. (See Doc. No. 98 at 9). While Defendants do not allege any new evidence regarding the Court's prior determination, the Court can understand how Defendants' reading of this class claim could render an interpretation that only basing the class claim from paragraphs 44 and 63 would not provide the *sole* basis for termination of benefits. But, when paragraphs 44 and 63 are read in light of the totality of allegations following each paragraph, the overall tenor of the allegations is that uncorroborated hearsay evidence was utilized by the hearing officers, that hearsay evidence was relied upon in making termination decisions, and there was no opportunity for Ms. Thompson or the Sills to challenge this evidence. Thus, read in light of paragraphs 44 through 51 and paragraphs 63 through 69, there is a reasonable basis to find that the

8

uncorroborated hearsay could have been used by the hearing officer as the *sole*, deciding factor in making termination decisions. In essence, Defendants' argument on reconsideration fails to take into account the primary basis of these two paragraphs when read in conjunction with the other related allegations in subsequent paragraphs. Thus, for clarification purposes, it can be said that the basis of the Court's determination of this class claim originates in paragraphs 44 and 63, but also incorporates other surrounding allegations contained in the Second Amended Complaint, that when considered as a whole are sufficient for this claim.

With regard to class claim (e), Defendants assert that the Court's allegedly erroneous certification was based on language that was not meant to be a substantive allegation in the Plaintiffs' Second Amended Complaint. (See id. at 9). As noted in the Court's prior memorandum, the Court found sufficient allegations in the pleadings and explicitly highlighted that this claim was "in fact expressly pleaded in the complaint." (Doc. No. 95 at 12). On its motion to reconsider the certification of this claim, Defendants do not produce any new evidence regarding this claim, nor do they point to any intervening change of law. They merely rely on an argument available to them at the time of the motion to certify, which under the reconsideration standard, fails. *Lazaridis*, 591 F.3d 666.

Similarly, Defendants argue that the notice-based class claims (claims (a) and (b)) approved by this Court were also not supported by the Complaint. (See Doc. No. 98 at 10). Again, in asserting this argument, Defendants can neither point to nor produce any new evidence that was not available at the time of the motion to certify. Likewise, Defendants do not contend that they were unable to make this argument on the prior occasion because of newly available evidence or law. As addressed below, Defendants' challenge to the sufficiency of the Plaintiffs' allegations regarding these notice claims and whether policies actually existed can be understood

as an attempt to delve into the merits of the claims prior to summary judgment. Again, the Court holds, as it did in its prior memorandum, that "such merits challenges are properly addressed at summary judgment, not at the class certification stage." (Doc. No. 95 at 12). Challenges of this nature go to not only the merits of the underlying class claims, but also to the arguments previously made by Defendants and determined by this Court. Reconsideration is not an opportunity to present the same arguments more forcefully or even argue alternative arguments that were available on the prior occasion. See *Holbrook*, Civ. A. No. 3:05-304, 2007 U.S. Dist. LEXIS 50966. Reconsideration of class certification asks the movant to present new evidence or new law not in existence at the time of the prior certification or to exhibit why a manifest injustice or clear error of law exists. Defendants' arguments do not meet this standard.

In making its reconsideration argument with regard to its allegation that the Court failed to consider the merits of the claims during certification, Defendants rely on caselaw from the Seventh Circuit that would seem to instruct the Court to exhaust all evidentiary inquiries prior to certification. (See Doc. No. 98 at 11). As noted above, and in the prior memorandum, class certification under Third Circuit precedent requires the District Courts to "refrain from conducting a preliminary inquiry into the merits," but to "carefully examine the factual and legal allegations," such that a determination of whether the Rule 23 requirements are met can be made. *Barnes*, 161 F.3d at 140. Again, Defendants' arguments as to why the Court should delve into the merits of the class claims go beyond the scope of the motion to reconsider precisely because they went beyond the scope of the original certification motion. The Plaintiffs' allegations and the underlying merits to these were found by the Court to be factually and legally sufficient to meet the Rule 23 requirements for certification. Any further inquiry into the merits of the claims was unwarranted. Previously, the Defendants asserted a merits-based argument in their

opposition to certification, which the Court duly considered and clearly indicated was not proper until at least the summary judgment stage since Plaintiffs had sufficiently established the Rule 23 requirements, thus cutting off any further inquiry into the merits. (See Doc. No. 95 at 11-12). Again, Defendants are unable to meet the reconsideration burden in the instant motion because of the lack of any new evidence, intervening change in law, or manifest injustice.

While Defendants argue (under Fifth Circuit authority) an evidentiary hearing should have been conducted in order to evaluate certification of the claims, it has been found in our Circuit that "[t]he district court must conduct a 'rigourous analysis' of the evidence and arguments in making the class certification decision." *Behrend v. Comcast Corp.*, 655 F.3d 182, 190 (3d Cir. 2011) (noting that the defendant "misconstrues our role at this stage of the litigation .... [A] district court may inquire into the merits only insofar as it is 'necessary' to determine whether a class certification requirement is met.") *Id.* at 199. As the Court assessed in its prior memorandum, an analysis of the legal and factual allegations led to a determination on the Rule 23 requirements and a discussion of the merits of the claims beyond that was not warranted. (See Doc. No. 95 at 11-12). Nowhere in Defendants' motion to reconsider does it offer any newly available evidence regarding these requirements. Nor does it assert an intervening change in law that would allow for proper reconsideration. Rather, the Defendants once again reassert prior arguments that the Court considered and addressed in its memorandum granting class certification. On this basis, Defendants' motion fails.

### c. "Own Rules and Regulations" Claim

Lastly, Defendants allege that the Court's class certification of Defendants' policy of "failing to comply with the Altoona Housing Authority's own rules and regulations when terminating benefits," erroneously expands the scope of the class action because it does not refer

to the Plaintiff's original certification request that this policy was in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the U.S. Housing Act, and federal housing benefits. (See Doc. No. 98 at 14). Defendants' assertion that this wording unjustifiably expands the class, however, is not premised on any cited legal authority, change in authority, new evidence not available at the time of the original certification motion, nor a manifest injustice. Defendants' only contention with regard to this class claim is that the reading of this class claim by this Court or an appellate court will overlook the premise upon which this class claim is based. In essence, Defendants argue that this claim will impermissibly allow a greater range of claims than previously envisioned by the Plaintiffs' original allegations. In making this argument, Defendants point to no controlling authority upon which it could premise its contention. Even further, Defendants do not provide a scintilla of newly available evidence that would point to this class claim serving as a means of over-reach.

The Court notes that the certification Order and the accompanying memorandum with regard to paragraph 2(g) is clear on its face and that the certified claim does not unnecessarily expand the scope as originally presented in Plaintiffs' complaint. Defendants have not been able to meet the standard for reconsideration of the class certification order, and for the reasons stated above, Defendants' motion to reconsider is denied.

## VI.    CONCLUSION

Defendants' motion to reconsider has attempted to set forth several arguments as to why the Court erroneously certified Plaintiffs' class and class claims. Rather than present newly discovered evidence, changes in the law, or a manifest injustice or clear error, Defendants reargue prior averments made during the motion to certify and present arguments that were

available to them at the certification stage. The Court does not find any of these arguments to serve as a persuasive basis for reconsidering its prior determination granting certification. For the reasons set forth here, and those incorporated by the Court's prior memorandum, Defendants' Motion for Reconsideration of Court's Class Certification Order (Doc. No. 97) is **DENIED**. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ASHLEY THOMPSON and DEBORAH and )
DAVID SILLS, *on behalf of themselves and all* )
*others similarly situated,* )
                                      )
            Plaintiffs, )
                                        ) CIVIL ACTION NO. 3:10-CV-312
      v. ) JUDGE KIM R. GIBSON
                                        )
ALTOONA HOUSING AUTHORITY and *its* )
*Executive Director*, CHERYL JOHNS, *in her* )
*individual capacity*, and JOHN or JANE DOE, )
                                      )
            Defendants. )

## ORDER

**AND NOW**, this 11th day of March 2013, upon consideration of Defendants' Motion for

Reconsideration of Court's Class Certification Order (Doc. No. 97), and in accordance with the

Memorandum, **IT IS HEREBY ORDERED** that the motion is **DENIED**.

                                            **BY THE COURT:**

                                            **KIM R. GIBSON,**
                                            **UNITED STATES DISTRICT JUDGE**